UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MELISSA PAYNE,** Individually and on behalf of all others similarly situated | § § § § § § § § § § § § § | Civil Action No. _____ |
| *Plaintiff,* | | JURY TRIAL DEMANDED |
| v. | | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 621 |
| **AG-PRO, LLC, d/b/a AG-PRO COMPANIES,** | | CLASS ACTION |
| *Defendant.* | | PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Melissa Payne (hereinafter "Payne" or "Plaintiff") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") of Defendant Ag-Pro, LLC d/b/a Ag-Pro Companies (hereinafter "Ag-Pro" or "Defendant"). This is a case for age discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

Plaintiff and the Putative Class Members' ADEA claims are brought as a collective action, while their Title VII claims are brought as a class action.

## I.
## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 621 and 42 U.S.C. § 2000e.

2. This Court has personal jurisdiction over Defendant because the cause of action arose within this District as a result of Defendant's conduct within this District.

3. Venue is proper in the Southern District of Texas 28 U.S.C. § 1391(b), because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

4. Specifically, Plaintiff Payne worked for Ag-Pro in Beeville, Texas, which is located within this District and Division.

5. Plaintiff has complied with all conditions precedent to filing a suit under the ADEA and Title VII.

6. Plaintiff filed her Charge of Discrimination on February 1, 2017.

7. Plaintiff's charge gave notice of age and gender discrimination on a class-wide basis.

8. Plaintiff has received a Dismissal and Notice of Rights issued by the EEOC.

9. Plaintiff filed her complaint within 90 days of receipt of the Dismissal and Notice of Rights issued by the EEOC.

## II.
## THE PARTIES

10. Plaintiff Payne worked for Defendant within this judicial district and within the relevant time period, and currently resides in Bee County, Texas.

11. The Putative Collective Members (ADEA Collective Members) are those individuals who worked or applied to work for Defendant at any time between July 25, 2017 and May 21, 2018 and who were not promoted, hired, and/or were fired due to their age (40 or older).

12. The Putative Class Members (Title VII Class Members) are those individuals who worked or applied to work for Defendant at any time between July 25, 2017 and May 21, 2018 and who were not promoted or hired for managerial positions due to their gender.

13. Defendant Ag-Pro, LLC d/b/a Ag-Pro Companies ("Ag-Pro") is a foreign limited liability company and is not registered with the Texas Secretary of State and may be served through the Texas Secretary of State at Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079 pursuant to the Texas Long Arm Statute. *See* Tex. Civ. Prac. & Rem. Code Chapter 17,

Subchapter C. Plaintiff therefore requests the Texas Secretary of State to serve Ag-Pro at its principle office located at 19595 US Hwy 84, Boston, GA 31626.

**III.
COVERAGE**

14. Ag-Pro transacts business in the Southern District of Texas.

15. At all material times, Ag-Pro has been an employer under the ADEA.

16. At all material times, Ag-Pro has been an employer under Title VII.

17. At all material times, Ag-Pro has had more than 500 employees.

18. The proposed class of similarly situated individuals, i.e. potential collective members sought to be certified pursuant to the ADEA, is defined as "all individuals who applied for employment with or were employed by Ag-Pro, LLC, d/b/a Ag-Pro Companies between July 25, 2017 and May 21, 2018, and were fired, and/or not hired or promoted due to their age (40 or older).

19. The proposed class of similarly situated individuals, i.e. potential collective members sought to be certified pursuant to Title VII, is defined as "all individuals who applied for employment with or were employed by Ag-Pro, LLC, d/b/a Ag-Pro Companies between July 25, 2017 and May 21, 2018, and were not hired or promoted to managerial positions due to their gender."

20. The precise size and identity of the proposed classes should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

**IV.
STATEMENT OF FACTS**

21. Ag-Pro is the largest privately-owned John Deere tractor dealership in the United States and sells and services John Deere tractors and related equipment in Texas, Florida, Alabama, Georgia, and South Carolina.[1]

---

[1] https://www.agprocompanies.com/about

22. Plaintiff is a 46 year-old female.

23. Plaintiff began to work for Defendant in 2014 in Beeville, Texas. Plaintiff was Defendant's Service Writer. As a Service Writer, Plaintiff was responsible for, among other things, assisting Defendant's Service Manager, which Plaintiff regularly did.

24. In January of 2017, Defendant's Service Manager was transferred to another location, and the Service Manager position became available at Defendant's Beeville location. At that time, Plaintiff began to serve as acting Service Manager.

25. In February of 2017, Plaintiff formally requested that she be considered for the vacant position. Defendant did not respond to Plaintiff's request. The next month, Plaintiff again asked to be considered for the position, but was told by Defendant's Corporate Service Manager that Ag-Pro did not hire female managers.

26. Plaintiff continued to serve as Defendant's acting Service Manager.

27. In April of 2017, Defendant hired a man in his 20s for the Service Manager position. Defendant's new hire had no management, service, or farming experience, and his prior employment had been as a traveling nurse. Plaintiff was tasked with training that individual while continuing to act as Service Manager because Defendant's new hire was unable to fulfill his job obligations as Service Manager.

28. Once the Service Manager position was again available, Plaintiff again inquired about the position. Plaintiff was told again by Defendant's Store Manager that Defendant's executives would not tolerate a female Service Manager.

29. Around this time, Plaintiff suffered from, and was hospitalized for, a severe anxiety attack relating to Defendant's discriminatory conduct.

30. In June, Plaintiff heard Defendant was considering for its Service Manager position one of the floor salesmen, a man in his 30s who had no service-related experience and who had a

reputation for derogatory and abusive treatment of women. Plaintiff told her Store Manager she would be unable to work for Defendant if it selected such an individual as its Service Manager. Defendant's Store Manager told her not to worry about it.

31. Plaintiff continued to serve as acting Service Manager until July of 2017. At that time, Defendant constructively discharged Plaintiff when it selected for its vacant Service Manager position the same individual Plaintiff had discussed with her Store Manager and had been told not to worry about.

32. The following month, Plaintiff was hospitalized for her second severe anxiety attack related to Defendant's discriminatory and illegal conduct.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging ADEA Violation)**

33. All previous paragraphs are incorporated as though fully set forth herein.

34. Plaintiff and the Putative Class Members bring this action as a collective action pursuant to Section 216(b) of the Fair Labor Standards Act. 29 U.S.C. 626(b).

35. The ADEA Collective is defined as:

**ALL INDIVIDUALS WHO WORKED OR APPLIED TO WORK FOR AG-PRO, LLC d/b/a AG-PRO COMPANIES BETWEEN JULY 25, 2017 AND MAY 21, 2018, WHO WERE FIRED AND/OR NOT PROMOTED OR HIRED DUE TO THEIR AGE (40 AND OLDER) ("ADEA Collective" or "ADEA Collective Members").**

36. Ag-Pro has violated 29 U.S.C. 623, by failing or refusing to hire, or discharging or discriminating against any individual with respect to his or her compensation, terms, conditions, or privileges of employment because of that individual's age.

37. Moreover, Ag-Pro knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing or refusing to hire or discharging or discriminating against Plaintiff and other similarly situated employees. 29 U.S.C. § 255(a).

38. Ag-Pro knew or should have known its employment practices were in violation of the ADEA.

39. In addition, Ag-Pro's violations of the ADEA result from generally applicable policies and practices of Ag-Pro, and do not depend on the personal circumstances of Plaintiff or the ADEA Collective Members.

40. Thus, Plaintiff's experiences are typical of the experiences of the ADEA Collective Members.

41. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

42. Absent a collective action, many members of the proposed ADEA collective likely will not obtain redress of their injuries.

43. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

44. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Ag-Pro.

45. Other similarly situated individuals have been victimized by Ag-Pro's patterns, practices, and policies, which are in willful violation of the ADEA.

46. Accordingly, the ADEA Collective should be certified as defined in Paragraph 35.

47. As the direct and proximate result of Defendant's violations described herein, Plaintiff and the ADEA Collective Members suffered economic damage in the form of lost earnings and

benefits which exceed the minimum jurisdictional limits of this Court, for which they sue to recover of and from Defendant, together with pre-judgment and post-judgment interest at the maximum rate allowed by law.

48. Further, Plaintiff and the ADEA Collective Members seek to recover their reasonable and necessary attorneys' fees and expenses incurred in prosecuting this matter in the trial court and any and all appeals therefrom.

**COUNT TWO**
**(Class Action Alleging Title VII Violation)**

49. All previous paragraphs are incorporated as though fully set forth herein.

50. Plaintiff and the Putative Class Members further bring this action as a class action pursuant to Fed. R. Civ. P. 23 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

51. The Title VII Class is defined as:

**ALL INDIVIDUALS WHO WORKED OR APPLIED TO WORK FOR AG-PRO, LLC d/b/a AG-PRO COMPANIES BETWEEN JULY 25, 2017 AND MAY 21, 2018 WHO WERE NOT PROMOTED OR HIRED DUE TO THEIR GENDER ("Title VII Class" or "Title VII Class Members").**

52. Ag-Pro has violated 42 U.S.C. § 2000e-2, by failing or refusing to hire, or discharging or discriminating against women with respect to their compensation, terms, conditions, or privileges of employment because of their gender.

53. Specifically, Defendant has engaged in an intentional, company-wide and systematic pattern or practice of discriminating against its female employees and job applicants. It has intentionally discriminated against Plaintiff and the Title VII Class by, among other things, allowing its male managers unchecked discretion in the hiring of employees and selection of individuals for promotion; fostering a corporate culture that systematically excludes women, undervalues their

contributions and abilities, and discounts their workplace performance; and failing to take reasonable and necessary steps to prevent instances of discrimination as described above.

54. Defendant's company-wide policies have the effect of denying Plaintiff and the Title VII Class business opportunities because of their gender; compensating them less because of their gender; failing to promote them because of their gender; failing to offer them management roles within Defendant's corporate structure because of their gender; and offering them inferior conditions of employment because of their gender.

55. Defendant's conduct constitutes illegal, intentional discrimination and disparate treatment under 42 U.S.C. § 2000e *et. seq.*

56. Plaintiff and the Title VII Class bring their claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals who worked or applied to work for Ag-Pro from July 25, 2017 through the present who were not promoted or hired due to their gender.

57. Class action treatment of the Title VII Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

58. The number of Title VII Class Members is so numerous that joinder of all class members is impracticable.

59. Plaintiff is a member of the Title VII Class, and her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of the other class members.

60. The Title VII Class and their counsel will fairly and adequately represent the class members and their interests.

61. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class

members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

62. Accordingly, the Title VII Class should be certified as defined in Paragraph 51.

63. As the direct and proximate result of Defendant's violations described herein, Plaintiff and the Title VII Class Members suffered economic damage in the form of lost earnings and benefits which exceed the minimum jurisdictional limits of this Court, for which they sue to recover from Defendant, together with pre-judgment and post-judgment interest at the maximum rate allowed by law.

64. Further, Plaintiff and the Title VII Class Members seek to recover their reasonable and necessary attorneys' fees and expenses incurred in prosecuting this matter in the trial court and any and all appeals therefrom.

# VI.
# DAMAGES

**65.** As a result of Defendant's conduct, Plaintiff seeks relief pursuant to Title VII and the ADEA for damages which include, but are not limited to: a declaratory judgment that Defendant violated their rights under Title VII and the ADEA; a permanent injunction prohibiting the actions complained of herein; actual damages, including back pay and front pay, lost wages, commissions and employee benefits; compensatory and punitive damages as allowed by law; costs, expert witness fees and attorney's fees; pre-judgment and post-judgment interest as allowed by law; damages for pecuniary losses and reputational injuries, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses; and such other relief, legal or equitable, as may be warranted or to which Plaintiff, Opt-In Plaintiffs, and Class Members are entitled.

# VI.
# RELIEF SOUGHT

66. Plaintiff respectfully prays for relief against Ag-Pro as follows:

a. For a declaratory judgment that the practices complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*; and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*;

b. For a permanent injunction against Defendant, and all officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in the unlawful policies, practices, customs, and usages set forth herein, and requiring Defendant to take affirmative steps to ensure that the company does not engage in the same or similar violations of employees' rights under these laws in the future;

c. For an Order recognizing this proceeding as a collective action pursuant to the ADEA, certifying the ADEA Collective as defined in Paragraph 35, and requiring Ag-Pro to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

d. For an Order certifying the Title VII Class as defined in Paragraph 51 and designating Plaintiff Payne as the Class Representative of the Title VII Class;

e. For an Order approving the form and content of a notice to be sent to all putative ADEA Collective members advising them of the pendency of this litigation and of their rights with respect thereto;

f. For an Order awarding Plaintiff, Opt-In Plaintiffs, and Class Members front and back wages that have been improperly withheld; lost wages, benefits, and commissions as sought herein; liquidated damages; damages for pecuniary and nonpecuniary losses; and compensatory damages and punitive damages for distress suffered by Plaintiff, Opt-In Plaintiffs, and Class Members, together with pre-judgment and post-judgment interest thereon at the maximum rate allowed by law;

g. For an Order awarding Plaintiff, Opt-In Plaintiffs, and Class Members the costs of this action;

h. For an Order awarding Plaintiff, Opt-In Plaintiffs, and Class Members attorneys' fees;

i. For an Order awarding Plaintiff, Opt-In Plaintiffs, and Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 8, 2019

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys in Charge for Plaintiff and the Putative Class Members**